UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ASHLEY GLYNN BRANCH, | Case No.: 3:22-cv-00273-CSD |
| Plaintiff | **Order** |
| v. | |
| WASHOE COUNTY, et al., | |
| Defendants | |

For the reasons set forth below, this action will be dismissed with prejudice as a result of Plaintiff's failure to prosecute and to keep the court apprised of his contact information.

**I. BACKGROUND**

Plaintiff filed a pro se civil rights action under 42 U.S.C. § 1983 related to events that took place while he was a pretrial detainee at the Washoe County Detention Facility (WCDF). The court screened his first amended complaint (FAC) and allowed him to proceed with the following claims: a Fourteenth Amendment inadequate medical care claim against Frank Akpati, NP (mistakenly named by Plaintiff as "Dr. Frank") and Nurse Doe as well as Naphcare. (ECF No. 7.) Akpati and Naphcare filed an answer. (ECF No. 10.)

Plaintiff was subsequently incarcerated in the Nevada Department of Corrections (NDOC) at Northern Nevada Correctional Center (NNCC). (*See* ECF No. 22)

On January 11, 2024, Plaintiff filed a notice indicating that he would be released on parole on January 10, 2024, and indicated that he anticipated filing a new physical address within a week. (ECF No. 33.)

Defendants filed a motion to extend the scheduling order deadlines, which the court granted; however, both those documents were returned as undeliverable, with a notation that Plaintiff had been paroled. (ECF Nos. 35, 36, 37, 38.)

On June 25, 2024, Defendants filed their motion for summary judgment, which was also returned as undeliverable, noting that Plaintiff had been paroled. (ECF Nos. 39, 40.)

A party must immediately file with the court written notification of any change of contact information, and failure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. LR IA 3-1.

Plaintiff was aware of this requirement, having faced an earlier order to show cause for dismissal for not updating his address, and noting in his filing on January 11, 2024, that he would be filing a new address because he was being paroled. Despite this notice, Plaintiff failed to file updated contact information with the court and the court has had no further contact from Plaintiff.

On September 13, 2024, the court issued an order to show cause, giving Plaintiff 21 days to file and serve a notice of intent to prosecute this action. He was advised that a failure to do so would result in dismissal of his action with prejudice as a result of his failure to prosecute under Federal Rule of Civil Procedure 41(b) and his failure to update his contact information under Local Rule IA 3-1. (ECF No. 44.)

That order was also returned as undeliverable. (ECF No. 45.) Plaintiff has not updated his address or indicated an intent to continue to prosecute this action, and the court has had no further contact from Plaintiff.

///

///

## II. DISCUSSION

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Plaintiff has not indicated an intent to prosecute this action despite the court giving him numerous opportunities to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

Dismissal is likewise appropriate under Local Rule IA 3-1.

### III. CONCLUSION

IT IS HEREBY ORDERED that this action is **DISMISSED WITH PREJUDICE** as a result of Plaintiff's failure to prosecute and keep the court apprised of his contact information. Defendants' motion for summary judgment (ECF No. 39) is **DENIED AS MOOT**. The Clerk shall enter judgment in Defendants' favor.

**IT IS SO ORDERED**.

Dated: October 7, 2024

_____
Craig S. Denney
United States Magistrate Judge